THOMAS W. JACKSON, APPELLANT, v. LORENZO C. DILKS, RESPONDENT.

Submitted December 11, 1916—Decided March 5, 1917.

On an issue of fact, tried by a court and jury, where there is testimony on both sides of a controverted fact, it is not error for the trial court to submit the question at issue to the jury for determination.

On appeal from the Supreme Court.

For the appellant, *Frank Benjamin.*

For the respondent, *Raymond, Mountain, Van Blarcom & Marsh.*

The opinion of the court was delivered by

BLACK, J. The appellant sued the respondent for the sum of $261.60, interest on a loan of $2,012.35. The trial resulted in a verdict for the respondent. The respondent was the receiver of the Goeller Iron Works. He received from the appellant a check for the above amount, as a loan, to be used for the payment of wages due to workmen, for which, as security, the respondent assigned preferred wage claims of an equal amount. The receipt was signed "Lorenzo C. Dilks, Receiver of the Goeller Iron Works." This money was repaid to the appellant, by an order of the referee in bankruptcy, by the respondent, as trustee in bankruptcy, but without interest. Hence, this suit to recover the interest. The appellant claims that the respondent is liable to pay the interest individually and the respondent claims that he dealt with the appellant, not individually, but as receiver or trustee in bankruptcy, and his liability, if any, is not an individual liability, but a liability as trustee in bankruptcy.

There are six grounds of appeal, but the only one argued at length in the appellant's brief is the exception to the refusal of the trial court to direct a verdict for the appellant, on the ground that the respondent is personally liable for the amount of the interest sued for. This ground of appeal is the only one that needs any discussion. We have examined, however, all the other grounds of appeal. They are without legal merit.

The testimony shows the receipt was signed by the respondent, as receiver in bankruptcy. The respondent testified that the dealings in this matter with the appellant were with him as receiver in bankruptcy. The money was returned to the appellant from the bankrupt's estate by an order of the referee in bankruptcy. The Goeller Iron Works was indebted to the appellant in a large sum of money. The money loaned was to pay wages that had accumulated and which were then unpaid. The appellant testified that the wage claims were given as security for the money that was advanced, and the respondent agreed personally to pay six per cent. interest on the loan until it was returned. The respondent denies, how-

ever, that he ever personally promised to pay the interest. Surely this raised an issue of fact, which could only be settled by a jury. The rule to be applied is elemental. It is expressed in these words, where the evidence is in substantial conflict concerning a critical question of fact, it would be error to take the case from the jury. *Friedman* v. *North Hudson County Railway Co.,* 65 *N. J. L.* 298, 300; *Delaware, &c., Railroad Co.* v. *Shelton,* 55 *Id.* 342; *Piver* v. *Pennsylvania Railroad Co.,* 76 *Id.* 713.

The action of the trial court was not error in this respect. As stated above, there is no legal merit in any of the other grounds of appeal. They require no discussion. The judgment of the Supreme Court is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN. MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.